IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WALLACE OWENS**                                                  **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 2:18-CV-180-KS-MTP**

**COVINGTON COUNTY SHERIFF'S**
**DEPARTMENT,** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the Covington County Sheriff's Department's Motion for Judgment on the Pleadings [15]; **grants** the Motion for Judgment on the Pleadings [16] filed by Defendants Andy Graham, Bobby Mooney, Joe Ponder, Dennis Smith, Stan Smith, and Dallas Stringer; and **grants** the Motion to Dismiss [24] filed by Defendant Johnny Fairley, Sr. This case is closed.

### I. BACKGROUND

Plaintiff alleges that Defendants conspired to frame him for simple assault on a police officer and a judge. He contends that these actions violated federal law.[1] Defendants filed various dispositive motions, which the Court now addresses.

### II. MOTION FOR JUDGMENT ON THE PLEADINGS [15]

First, the Covington County Sheriff's Department filed a Motion for Judgment

---

[1] In his Complaint [1], Plaintiff alleged that Defendants conspired to violate 25 C.F.R. § 11.404, which criminalizes false imprisonment within Indian countries subject to the jurisdiction of the Court of Indian Offenses. *See* 25 C.F.R. §§ 11.114, 404. Plaintiff cited no other federal law in his Complaint [1], but Defendants assumed that Plaintiff intended to assert claims under 42 U.S.C. § 1983 for malicious prosecution.

on the Pleadings [15]. Plaintiff did not respond to the motion.

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The Covington County Sheriff's Department argues that it is not subject to suit because it has no legal identity separate from Covington County. The Court agrees. "In Mississippi, police and sheriff's departments are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties." *Hundley v. City of Waynesboro*, No. 2:16-CV-3-KS-MTP, 2016 WL 3267393, at *2 (S.D.

Miss. June 14, 2016); *see also Whiting v. Tunica Cnty. Sheriff's Dep't*, 222 F. Supp. 2d 809 (N.D. Miss. 2002); *Breland v. Forrest Cnty. Sheriff's Dep't*, No. 2:10-CV-303-KS-MTP, 2013 WL 1623997, at *4 (S.D. Miss. Apr. 15, 2013); *Brown v. Thompson*, 927 So. 2d 733, 738 (Miss. 2006). Therefore, the Court grants Defendant's Motion for Judgment on the Pleadings [15] and dismisses Plaintiff's claims against the Covington County Sheriff's Department without prejudice to Plaintiff's right to assert them against a proper defendant.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS [16]

Next, the individual Defendants – Judge Bobby Mooney, Sheriff Stan Smith, Dallas Stringer, Joe Ponder, Andy Graham, and Dennis Smith – filed a Motion for Judgment on the Pleadings [16] or, alternatively, summary judgment. Plaintiff did not respond to the motion.

Among other things, Defendants argue that Plaintiff's claims against them are barred by the applicable statute of limitations. "The statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period . . . ." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). Therefore, Section 1983 claims must be filed in Mississippi "within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49.

Defendants described Plaintiff's claims as claims of malicious prosecution. Claims of malicious prosecution accrue when the "prosecution ends in the plaintiff's favor." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). According to Plaintiff's

3

Complaint [1], the disputed charges were dropped on October 7, 2010. Plaintiff did not file this suit until October 15, 2018. Therefore, to the extent Plaintiff intended to plead claims of malicious prosecution against the individual Defendants, those claims are barred by the applicable statute of limitations.

In his Complaint, Plaintiff cited a federal criminal law regarding false imprisonment. Claims of false imprisonment accrue when "the claimant become detained pursuant to legal process." *Id.* Plaintiff did not allege when he was first detained, but he was first charged on February 17, 2006. *See* Exhibit A to Complaint, *Owens v. Covington Cnty. Sheriff's Dep't*, No. 2:18-CV-180-KS-MTP (S.D. Miss. Oct. 15, 2018), ECF No. 1-2. Plaintiff alleged in his Complaint [1] that the disputed charges were dropped on October 7, 2010. It is safe to assume, therefore, that Plaintiff was first detained on the charges at some point before October 7, 2010. Plaintiff did not file this suit until October 15, 2018. Therefore, to the extent Plaintiff intended to plead claims of false imprisonment against the individual Defendants, those claims are barred by the applicable statute of limitations.

For all these reasons, the Court grants the individual Defendants' Motion for Judgment on the Pleadings [16].

### IV. MOTION TO DISMISS [24]

Finally, Defendant Johnny Fairley, Sr. filed a Motion to Dismiss [24] pursuant to Rule 12(b)(5) for insufficient service of process. Fairley also argues that Plaintiff's claims against him are barred by the applicable statute of limitations. Fairley echoes

the other individual Defendants' argument, noting that all the events of which Plaintiff complains occurred in 2006. Plaintiff filed a Response [27] to Fairley's motion, but Plaintiff failed to address any of Fairley's arguments.

For the same reasons provided above in the Court's discussion of the other individual Defendants' Motion for Judgment on the Pleadings [16], the Court finds that Plaintiff's claims against Defendant Johnny Fairley, Sr. are barred by the applicable statute of limitations, and the Court grants his Motion to Dismiss [24].

## V. CONCLUSION

For these reasons, the Court **grants** the Covington County Sheriff's Department's Motion for Judgment on the Pleadings [15]; **grants** the Motion for Judgment on the Pleadings [16] filed by Defendants Andy Graham, Bobby Mooney, Joe Ponder, Dennis Smith, Stan Smith, and Dallas Stringer; and **grants** the Motion to Dismiss [24] filed by Defendant Johnny Fairley, Sr. All of Plaintiff's claims having been dismissed, this case is hereby closed.

SO ORDERED AND ADJUDGED this 20th day of March, 2019.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE